ROBERT K. Dow, Appellant, *v*. IOWA CENTRAL RAILWAY COMPANY et al., Respondents.

A railroad corporation having defaulted in the payment of interest on its mortgage bonds the mortgage was foreclosed. The bondholders and certain "car trust certificate holders" entered into an agreement for a purchase of the property and for a re-organization, by which a committee was appointed to represent them. The committee was empowered to give to holders of the common stock, for each share of their stock, one share of the common stock of the new company, on payment of an assessment of fifteen dollars per share, to be paid in installments at times to be fixed by the committee. If any such holder declined or failed to pay the assessment the privilege of receiving such common stock of the new company, it was provided, should vest in other persons named. At the time this agreement was made one R. was the owner of 1,000 shares of the common stock of the old company; he paid the first installment called for, and before the second installment fell due he died and his estate passed into the hands of the public administrator, who held the stock for a year after the final installment became due, and who, with full knowledge of the assessment and the dates the installments were

payable, made default in the payment. The stock was then sold by said administrator and purchased by plaintiff for a nominal consideration and with full knowledge of the facts. He thereafter tendered payment of the unpaid installments, with interest. In an action against the new company and the members of said committee to compel the delivery of the stock, *held*, that plaintiff had no other rights than those of the legal representative of R.'s estate; that the privilege given to R. to exchange his stock did not spring from his original rights as stockholder, but depended wholly upon the provisions of the agreement to which he was not a party and under which he was a mere beneficiary; that his legal representative having declined to pay the remaining installments, and by reason of his default the rights of others having intervened, who, under the agreement in case of such a default, were made the beneficiaries, the privilege of exchanging the stock was at an end, no right of redemption remained in him, and so, none was transferred to plaintiff, and that the claim of the latter had no foundation either in law or equity. Reported below, 70 Hun, 186.

(Argued December 19, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 30, 1893, which affirmed a judgment in favor of defendants entered upon an order dismissing the amended complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leopold Wallach* for appellant. The plaintiff is entitled to specific performance by the defendants of their agreement to give Rickins, for each of his 1,000 shares of common stock of the old company, one share of common stock of the re-organization company on payment of fifteen dollars upon each such share. (*Barnes* v. *Perine*, 9 Barb. 202; *Pierson* v. *Morch*, 82 N. Y. 503; *Train* v. *Gold*, 5 Pick. 380; *L'Amoreux* v. *Gould*, 7 N. Y. 349; *Miller* v. *McKenzie*, 95 id. 575; *Willetts* v. *S. M. Ins. Co.*, 45 id. 45; *Beckwith* v. *Brackett*, 97 id. 52; *Kortright* v. *Cady*, 21 id. 343; *Kemble* v. *Wallis*, 10 Wend. 374; *Bement* v. *Smith*, 15 id. 493, 495; *Cass* v. *Higinbotam*, 100 N. Y. 248.) The plaintiff's right to have this agreement specifically performed is not affected

by the lapse of time. (*Holgate* v. *Eaton*, 116 U. S. 33; *Brown* v. *G. T. & S. D. Co.*, 128 id. 403; *Southcomb* v. *Bishop of Exeter*, 6 Hare, 213, 219; *Levy* v. *Lindo*, 3 Meriv. 81; *Steel* v. *Branch*, 40 Cal. 1, 13.) John M. Rickins having signed the bondholders' agreement and paid the first installment, he and his assigns acquired a vested right to the stock to be issued under the agreement, burdened with the payment by them of the subsequent installments. (*Westcott* v. *M. M. Co.*, 23 Mich. 145; *Budd* v. *M. S. R. Co.*, 15 Pac. Rep. 659; *Barton's Case*, 4 DeG. & J. 46; *Perrin* v. *Granger*, 30 Vt. 595; *Clarke* v. *Hart*, 6 H. L. Cas. 633; *Stanhope's Case*, L. R. [1 Ch. App.] 161; *Markham* v. *Jaudon*, 41 N. Y. 235; *White* v. *Smith*, 54 id. 522; *Baker* v. *Drake*, 53 id. 211; 66 id. 518; *Hess* v. *Rau*, 17 J. & S. 324.) Even if a forfeiture of plaintiff's rights could be effected for his omission to make the payment, equity will relieve him from such forfeiture where a tender was made before distribution of the stock, especially where there has been a partial performance. (*Livingston* v. *Tomkins*, 4 Johns. Ch. 415; *Abernethy* v. *Society, etc.*, 3 Daly, 1, 8; *People* v. *Clark*, 10 Barb. 120, 152; *Fulton Bank* v. *Beach*, 1 Paige, 429, 432; *Spaulding* v. *Hallenbeck*, 39 Barb. 79.) No forfeiture of this stock has ever been declared, nor any new rights intervened. (1 Pom. Eq. Juris. §§ 1314, 1315; *Noyes* v. *Anderson*, 124 N. Y. 175, 179; *Giles* v. *Austin*, 62 id. 593; *Hall* v. *Delaplaine*, 5 Wis. 206.) The objection of *laches* cannot properly be interposed in this case to deprive plaintiff of his equity. (*Vilas* v. *Butler*, 123 N. Y. 440; *Deen* v. *Milne*, 113 id. 303; *Giles* v. *Austin*, 62 id. 486, 493; *Platt* v. *Platt*, 58 id. 646; *Atwater* v. *Fowle*, 1 Edw. Ch. 417; *Waters* v. *Travis*, 9 Johns. 450, 466; *Walton* v. *Coulson*, 1 McLean, 120, 132; *Massie* v. *Heiskell*, 80 Va. 789, 805.) Defendants are estopped from claiming a forfeiture in view of their failure for so long a period to demand of plaintiff that he pay, they knowing that he was the owner of the stock, and their treaties with him necessarily put him off his guard, and their conduct and treatment of others, similarly situated, lead him to believe that

a strict compliance would not be insisted on, and on which he had a right to rely.   (120 N. Y. 440.)

*David Thomson* for respondents.   The plaintiff is estopped by his own *laches*.   (*Speidell* v. *Henrici*, 15 Fed. Rep. 753; *Sullivan* v. *Railroad Co.*, 94 U. S. 806.)

BARTLETT, J.   The plaintiff seeks to compel the delivery to him by the individual defendants, constituting the bondholders' committee of the defendant, the Central Iowa Railway Company, one thousand shares of the common stock and one hundred and fifty shares of the preferred stock of the defendant, the Iowa Central Railway Company, the successor under a re-organization of the Central Iowa Railway Company.

In 1887 the Central Iowa Railway Company defaulted in the payment of interest on its mortgage indebtedness, and foreclosure and re-organization followed.

After the default the bondholders and car trust certificate holders entered into an agreement for their mutual protection, and constituted the individual defendants a committee to represent them.

This agreement empowered the committee to give the holders of each share of common stock one share of the common stock of the re-organized company on payment of an assessment of fifteen dollars per share.

It further provided that if any holder of the common stock declined or failed to pay the assessment, the privilege of receiving such common stock of the re-organized company should vest in other persons named.

The committee were authorized to fix the time and the place when the assessment should be paid, and thereupon made it payable in seven installments.   At the time this agreement was executed one John M. Rickins was the owner of one thousand shares of the common stock of the Central Iowa Railway Company, and he paid the first installment of the assessment of two dollars a share.   In November, 1887, Rickins died and his estate passed into the hands of the public

administrator of the city of New York before the second installment was due.

The stock was held by the public administrator for more than a year after the time fixed for the payment of the final installment, and it was then sold at public auction and purchased by the plaintiff for the nominal sum of two hundred and seventy-six dollars.

At the time of this purchase the public administrator, with full knowledge of the assessments and the dates they were payable, had made default in the payment of all the assessments falling due after the first one paid by Rickins.

The plaintiff, at the time he purchased this stock, was a holder of other stock and securities of the Central Iowa Railway Company, on which he had paid to the committee the amounts provided in the agreement and received the stock to which he was entitled.

There is nothing in the position of the plaintiff that commends him to the consideration or protection of a court of equity; he does not stand in the attitude of one seeking to be relieved from a forfeiture; he has no other rights than those of the legal representative of the Rickins' estate, from whom he purchased for a nominal consideration, with full knowledge of the situation.

It, therefore, becomes important to ascertain the rights of the Rickins estate, respecting this stock at the time it was sold at public auction.

The stockholders of the Central Iowa Railway Company were not parties to the bondholders' agreement, and the privilege to exchange stock on the payment of an assessment was an act of grace on the part of the bondholders, as the latter might have permitted the foreclosure sale to have proceeded, thereby cutting off all the rights of stockholders.

It follows that the privilege of Rickins to exchange his stock did not spring from his original rights as a stockholder, but depended wholly upon the provisions of the agreement to which he was not a party, and under which he was a mere beneficiary.

Rickins elected to accept the benefit conferred upon him by this agreement, subject to the burden of the assessment and paid the first installment; before the second installment was due he died; his legal representative, standing in his place and vested with his rights and privileges, declined and failed to pay the remaining installments.

By reason of this default, and under the terms of the agreement, the rights of third parties supervened, and the stock to which the Rickins estate would have been entitled, had the assessment been paid, was held thenceforth subject to the rights of other beneficiaries named. The legal representative of Rickins having decided, with a full knowledge of all the facts, not to avail himself of the provisions of the agreement, and having deliberately suffered the time to pass under which the assessment could be paid, no right of redemption remained in him, and the privilege to exchange stock under the agreement was at an end.

More than a year after the Rickins estate had lost all right to exchange this stock, the plaintiff purchased it, the par value being one hundred thousand dollars, for two hundred and seventy-six dollars, made a subsequent tender of the amount due for unpaid installments and interest, and now comes into a court of equity and asks its aid to compel the exchange of his stock.

We are of the opinion that the claim of the plaintiff is speculative, wholly without merit, and has no foundation in law or equity.

The amended complaint was properly dismissed.

The judgment appealed from is affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.